Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Stephen M. Ankrom (SA5375)
Powley & Gibson, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085



JUDGE PATTERSON

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED | Civil Action No. |
| Plaintiffs, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| v. | |
| JEFFERIES LLC and JEFFERIES INTERNATIONAL LIMITED | **Demand for Trial by Jury** |
| Defendants. | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their Complaint against Jefferies LLC ("Jefferies") and Jefferies International Limited ("Jefferies International") (collectively, "Defendants"):

### INTRODUCTION

1.       Plaintiffs bring this action against Defendants under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful direct and contributory infringement of Plaintiffs' registered copyrights.

## THE PARTIES

2.        Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.        Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House 7, Down Street, London, W1J7AJ United Kingdom.

4.        Upon information and belief, Defendant Jefferies is a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in New York with a principal place of business located at 520 Madison Avenue, New York, New York 10022.

5.        Upon information and belief, Defendant Jefferies International is a United Kingdom limited company with a principal place of business located at Vintners Place, 68 Upper Thames Street, London, EC4V 3BJ United Kingdom.

6.        Upon information and belief, both Defendants are wholly-owned subsidiaries of Jefferies Group LLC, a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in New York, with a principal place of business located at 520 Madison Avenue, New York, New York 10022.

## JURISDICTION AND VENUE

7.        This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

8.        This Court has personal jurisdiction over Defendant Jefferies because Jefferies is a foreign limited liability company licensed by the New York Department of State to conduct business in New York, and has a principal place of business located at 520 Madison Avenue, New York, New York 10022.  Further, many of the acts of copyright infringement alleged in this

Complaint against Jefferies were committed within the State of New York and this District.

9.        This Court has personal jurisdiction over Defendant Jefferies International because the acts of copyright infringement alleged in this Complaint against Jefferies International occurred within the State of New York, and Jefferies International should have reasonably expected such acts to have consequences in New York because it is Plaintiffs' principal place of business and because Jefferies International downloaded, and enabled Jefferies' employees to download, Plaintiffs' copyrighted materials from Plaintiffs' servers located in New York.

10.       In addition, this Court has personal jurisdiction over Jefferies International because, upon information and belief, Jefferies International regularly does business and has employees soliciting business in the State of New York and this District, and because Jefferies International is a wholly-owned subsidiary of Jefferies Group LLC, whose principal place of business is in the State of New York.

11.       This Court also has personal jurisdiction over Defendant Jefferies International because Jefferies International has consented to jurisdiction in the Southern District of New York for any dispute, including copyright infringement, relating to its subscriptions to Plaintiffs' publications.  Exhibit A, p. 4.

12.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the acts of copyright infringement alleged herein took place within this District and because this Court has personal jurisdiction over Defendants.

## FACTS

### A.        Plaintiffs' Publications

13.       Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six

decades.  In particular, Plaintiffs have published the daily newsletter *Oil Daily* ("OD") since at least as early as 1951, the weekly newsletter *World Gas Intelligence* ("WGI") since at least as early as 1990, and the daily newsletter *International Oil Daily* ("IOD") since at least as early as 2002.  As examples, a copy of the May 31, 2013 issue of OD (the "May 31, 2013 OD Copyrighted Work") is attached hereto as Exhibit B; a copy of the February 6, 2013 issue of WGI (the "February 6, 2013 WGI Copyrighted Work") is attached hereto as Exhibit C; and a copy of the January 31, 2013 issue of IOD (the "January 31, 2013 IOD Copyrighted Work") is attached hereto as Exhibit D.

14.     The audience for Plaintiffs' publications, including OD, WGI, and IOD, consists of individuals with an interest in the energy industry, including bankers, investors, stock market analysts, traders, commodity analysts, researchers, and others who follow or work in the energy industry.

15.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the energy industry.  Plaintiffs have invested significant time and resources to develop their publications and services, including OD, WGI, and IOD.

16.     Plaintiffs' publications do not feature or have any advertisements or sponsors and therefore, are highly dependent on paid subscriptions to sustain the viability of the publications.

17.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

18.     The original content and analysis created by Plaintiffs and included in OD, WGI, IOD, and their other original publications are valuable assets.  Plaintiffs also publish other original publications in addition to OD, WGI, and IOD, including, but not limited to:

Petroleum Intelligence Weekly;
Energy Compass;
Energy Intelligence Briefing;
EI Finance;
Jet Fuel Intelligence;
LNG Intelligence;
Natural Gas Week;
NGW's Gas Market Reconnaissance;
Nefte Compass;
Oil Market Intelligence;
Nuclear Intelligence Weekly;
EI New Energy;
Petroleum Intelligence Weekly Data Source;
Oil Market Intelligence Data Source;
Natural Gas Weekly Data Source;
World Gas Intelligence Data Source;
Nefte Compass Data Source; and
New Energy Data Source.

19.     Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including OD, WGI, and IOD.

20.     In order to benefit from Plaintiffs' analytical and creative content contained in OD, WGI, and IOD, and their other publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable and original information contained therein.

21.     Interested parties have various subscription options depending on their respective needs.  Subscribers typically obtain OD, WGI, IOD, and Plaintiffs' other publications by e-mail and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.  Plaintiffs' website is hosted by servers located in the State of New York and this District.

22.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in OD, WGI, IOD, and Plaintiffs' other publications, as well as archived issues, from Plaintiffs.  The license fee per article, per copy, for Plaintiffs' publications that are published daily, such as OD and IOD, is $9.00.  The license fee per article,

per copy, for Plaintiffs' publications that are published weekly, such as WGI, is $24.00.  The license fee for this Pay-Per-Article service is multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article.

23.     Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of OD, WGI, IOD, and Plaintiffs' other publications, as well as archived issues, from Plaintiffs.  The license fee per issue, per copy, for Plaintiffs' publications that are published daily, such as OD and IOD, is $95.00.  The license fee per issue, per copy, for Plaintiffs' publications that are published weekly, such as WGI, is $395.00.  The license fee for this Pay-Per-Issue service is multiplied by the number of copies required to supply each user of the requested issue with an individual copy of the issue.

**B.     Plaintiffs' Copyrights and Notices**

24.     Plaintiffs provide copyright notices and warnings on their website, e-mails, articles, and publications, including OD, WGI, and IOD, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As a representative example, the Copyright Notice and Warnings contained in Plaintiffs' notification to Defendant of the availability of the February 6, 2013 WGI Copyrighted Work and the January 31, 2013 IOD Copyrighted Work, as well as the email transmitting the May 31, 2013 OD Copyrighted Work state:

> Copyright (c) 2013 Energy Intelligence Group, Inc.   All rights reserved. Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from EIG – contact CustomerService@energyintel.com for more information.

Exhibit B, p.1.

25.      As an additional representative example, the Copyright Notice and Warnings on the front cover of the May 31, 2013 OD Copyrighted Work, the February 6, 2013 WGI Copyrighted Work, and the January 31, 2013 IOD Copyrighted Work specifically state: "Copyright © 2013 Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited."  Exhibit B, p. 2; Exhibit C, p. 1, Exhibit D, p. 1.

26.      As a further representative example, the Copyright Notice and Warnings contained on page 10 of the May 31, 2013 OD Copyrighted Work, page 2 of the February 6, 2013 WGI Copyrighted Work, and page 14 of the January 31, 2013 IOD Copyrighted Work specifically state:

> Copyright © 2013 by Energy Intelligence Group, Inc.…  All rights reserved.  Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with EIG.  Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG is willful copyright infringement.  Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

Exhibit B, p. 10; Exhibit C, p. 2; Exhibit D, p. 14.

27.      Based upon the representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

28.      Accordingly, Defendant Jefferies knew or should have known that the May 31, 2013 OD Copyrighted Work is protected by U.S. Copyright Laws, as well as all other issues of OD and any other of Plaintiffs' publications received by Jefferies.

29.      Accordingly, Defendant Jefferies International knew or should have known that the February 6, 2013 WGI Copyrighted Work and the January 31, 2013 IOD Copyrighted Work are

protected by U.S. Copyright Law, as well as all other issues of WGI, IOD, and any other of

Plaintiffs' publications received by Jefferies International.

30.     Having complied with the copyright notice requirements set forth in the Copyright

Act, 17 U.S.C. § 401, Plaintiffs are under no obligation to provide Defendants with further notice

of Plaintiffs' copyright rights.

31.     Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for OD, which are hereinafter collectively referred to as the "OD

Copyrighted Works," and attached hereto as Exhibit E:

• No. TX 6-626-690 for Edition 57 covering 21 works published in July 2007;
• No. TX 6-626-278 for Edition 57 covering 23 works published in August 2007;
• No. TX 6-626-280 for Edition 57 covering 19 works published in September 2007;
• No. TX 6-648-210 for Edition 57 covering 23 works published in October 2007;
• No. TX 6-645-633 for Edition 57 covering 20 works published in November 2007;
• No. TX 6-645-632 for Edition 57 covering 20 works published in December 2007;
• No. TX 6-646-218 for Edition 58 covering 21 works published in January 2008;
• No. TX 6-648-381 for Edition 58 covering 20 works published in February 2008;
• No. TX 6-648-380 for Edition 58 covering 20 works published in March 2008;
• No. TX 6-647-038 for Edition 58 covering 22 works published in April 2008;
• No. TX 6-647-107 for Edition 58 covering 21 works published in May 2008;
• No. TX 6-648-007 for Edition 58 covering 21 works published in June 2008;
• No. TX 6-662-761 for Edition 58 covering 22 works published in July 2008;
• No. TX 6-665-575 for Edition 58 covering 21 works published in August 2008;
• No. TX 6-680-142 for Edition 58 covering 21 works published in September 2008;
• No. TX 6-662-749 for Edition 58 covering 23 works published in October 2008;
• No. TX 6-664-308 for Edition 58 covering 18 works published in November 2008;
• No. TX 6-664-309 for Edition 58 covering 22 works published in December 2008;
• No. TX 6-647-241 for Edition 59 covering 20 works published in January 2009;
• No. TX 6-631-529 for Edition 59 covering 19 works published in February 2009;
• No. TX 6-647-244 for Edition 59 covering 22 works published in March 2009;
• No. TX 6-665-630 for Edition 59 covering 21 works published in April 2009;
• No. TX 6-631-518 for Edition 59 covering 20 works published in May 2009;
• No. TX 6-631-525 for Edition 59 covering 22 works published in June 2009;
• No. TX 6-685-271 for Edition 59 covering 22 works published in July 2009;
• No. TX 6-684-118 for Edition 59 covering 21 works published in August 2009;
• No. TX 6-701-938 for Edition 59 covering 21 works published in September 2009;
• No. TX 6-701-939 for Edition 59 covering 22 works published in October 2009;
• No. TX 6-702-127 for Edition 59 covering 21 works published in November 2009;
• No. TX 6-702-124 for Edition 59 covering 22 works published in December 2009;

- No. TX 6-701-924 for Edition 60 covering 20 works published in January 2010;
- No. TX 6-701-927 for Edition 60 covering 20 works published in February 2010;
- No. TX 6-703-824 for Edition 60 covering 23 works published in March 2010;
- No. TX 6-703-826 for Edition 60 covering 21 works published in April 2010;
- No. TX 6-704-578 for Edition 60 covering 20 works published in May 2010;
- No. TX 6-704-734 for Edition 60 covering 22 works published in June 2010;
- No. TX 6-705-213 for Edition 60 covering 22 works published in July 2010;
- No. TX 6-770-133 for Edition 60 covering 22 works published in August 2010;
- No. TX 6-770-132 for Edition 60 covering 22 works published in September 2010;
- No. TX 6-772-066 for Edition 60 covering 21 works published in October 2010;
- No. TX 6-771-213 for Edition 60 covering 21 works published in November 2010;
- No. TX 6-778-772 for Edition 60 covering 21 works published in December 2010;
- No. TX 6-776-062 for Edition 61 covering 21 works published in January 2011;
- No. TX 6-776-069 for Edition 61 covering 20 works published in February 2011;
- No. TX 6-779-252 for Edition 61 covering 23 works published in March 2011;
- No. TX 6-779-251 for Edition 61 covering 20 works published in April 2011;
- No. TX 6-779-316 for Edition 61 covering 21 works published in May 2011;
- No. TX 6-776-025 for Edition 61 covering 22 works published in June 2011;
- No. TX 6-782-122 for Edition 61 covering 21 works published in July 2011;
- No. TX 6-774-709 for Edition 61 covering 23 works published in August 2011;
- No. TX 6-780-004 for Edition 61 covering 22 works published in September 2011;
- No. TX 6-780-005 for Edition 61 covering 21 works published in October 2011;
- No. TX 6-782-123 for Edition 61 covering 22 works published in November 2011;
- No. TX 6-782-124 for Edition 61 covering 12 works published in December 2011;
- No. TX 6-789-069 for Edition 61 covering 9 works published in December 2011;
- No. TX 6-774-708 for Edition 62 covering 21 works published in January 2012;
- No. TX 6-786-171 for Edition 62 covering 21 works published in February 2012;
- No. TX 6-787-504 for Edition 62 covering 22 works published in March 2012;
- No. TX 6-787-503 for Edition 62 covering 20 works published in April 2012;
- No. TX 6-788-123 for Edition 62 covering 23 works published in May 2012;
- No. TX 6-788-122 for Edition 62 covering 21 works published in June 2012;
- No. TX 6-789-191 for Edition 62 covering 22 works published in July 2012;
- No. TX 6-790-253 for Edition 62 covering 23 works published in August 2012;
- No. TX 6-790-252 for Edition 62 covering 20 works published in September 2012;
- No. TX 6-790-254 for Edition 62 covering 22 works published in October 2012;
- No. TX 6-790-255 for Edition 62 covering 22 works published in November 2012;
- No. TX 7-676-538 for Edition 62 covering 20 works published in December 2012;
- No. TX 7-676-528 for Edition 63 covering 22 works published in January 2013;
- No. TX 7-744-517 for Edition 63 covering 20 works published in February 2013;
- No. TX 7-744-541 for Edition 63 covering 20 works published in March 2013;
- No. TX 7-726-260 for Edition 63 covering 22 works published in April 2013;
- No. TX 7-726-259 for Edition 63 covering 23 works published in May 2013;
- No. TX 7-726-232 for Edition 63 covering 20 works published in June 2013;
- No. TX ---- for Edition 63 covering 23 works published in July 2013 (application pending);
- No. TX ---- for Edition 63 covering 22 works published in August 2013 (application pending);
- No. TX ---- for Edition 63 covering 21 works published in September 2013 (application pending).

32.        Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for WGI, which are collectively referred to as the "WGI Copyrighted

Works," and attached hereto as Exhibit F.

• No. TX 6-716-597 for Edition 21 covering 4 works published in January 2010;
• No. TX 6-778-529 for Edition 21 covering 5 works published in June 2010;
• No. TX 6-777-318 for Edition 21 covering 4 works published in August 2010;
• No. TX 6-777-322 for Edition 21 covering 5 works published in September 2010;
• No. TX 6-780-141 for Edition 21 covering 4 works published in October 2010;
• No. TX 6-784-315 for Edition 21 covering 4 works published in November 2010;
• No. TX 6-784-321 for Edition 21 covering 4 works published in December 2010;
• No. TX 6-785-265 for Edition 22 covering 4 works published in January 2011;
• No. TX 6-785-258 for Edition 22 covering 4 works published in February 2011;
• No. TX 6-781-721 for Edition 22 covering 5 works published in March 2011;
• No. TX 6-781-722 for Edition 22 covering 4 works published in April 2011;
• No. TX 6-788-154 for Edition 22 covering 4 works published in May 2011;
• No. TX 6-788-155 for Edition 22 covering 4 works published in June 2011;
• No. TX 7-459-566 for Edition 22 covering 4 works published in July 2011;
• No. TX 7-459-219 for Edition 22 covering 5 works published in August 2011;
• No. TX 7-591-146 for Edition 22 covering 4 works published in September 2011;
• No. TX 7-590-837 for Edition 22 covering 5 works published in October 2011;
• No. TX 7-617-858 for Edition 22 covering 4 works published in November 2011;
• No. TX --------- for Edition 22 covering 3 works published in December 2011 (application pending);
• No. TX 7-616-240 for Edition 23 covering 4 works published in January 2012;
• No. TX 7-616-248 for Edition 23 covering 5 works published in February 2012;
• No. TX 7-596-560 for Edition 23 covering 4 works published in March 2012;
• No. TX 7-592-746 for Edition 23 covering 4 works published in April 2012;
• No. TX 7-630-819 for Edition 23 covering 5 works published in May 2012;
• No. TX 7-633-307 for Edition 23 covering 4 works published in June 2012;
• No. TX 7-660-947 for Edition 23 covering 4 works published in July 2012;
• No. TX 7-615-867 for Edition 23 covering 5 works published in August 2012;
• No. TX 7-615-812 for Edition 23 covering 4 works published in September 2012;
• No. TX ----- for Edition 23 covering 5 works published in October 2012 (application pending);
• No. TX ----- for Edition 23 covering 4 works published in November 2012 (application pending);
• No. TX 7-688-975 for Edition 23 covering 3 works published in December 2012;
• No. TX 7-690-147 for Edition 23 covering 5 works published in January 2013;
• No. TX 7-707-521 for Edition 23 covering 4 works published in February 2013;
• No. TX 7-698-740 for Edition 23 covering 4 works published in March 2013;
• No. TX 7-732-139 for Edition 23 covering 4 works published in April 2013;
• No. TX 7-732-173 for Edition 23 covering 5 works published in May 2013;
• No. TX 7-731-960 for Edition 23 covering 4 works published in June 2013;
• No. TX ----- for Edition 23 covering 5 works published in July 2013 (application pending);
• No. TX ----- for Edition 23 covering 4 works published in August 2013 (application pending);
• No. TX ----- for Edition 23 covering 4 works published in September 2013 (application pending).

33.        Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for IOD, which are collectively referred to as the "IOD Copyrighted

Works," and attached hereto as Exhibit G.

• No. TX 6-661-029 for Volume 7 covering 21 works published in June 2008;
• No. TX 6-771-825 for Volume 9 covering 22 works published in August 2010;
• No. TX 6-776-061 for Volume 10 covering 20 works published in February 2011;
• No. TX 6-779-247 for Volume 10 covering 23 works published in March 2011;
• No. TX 6-779-248 for Volume 10 covering 20 works published in April 2011;
• No. TX 6-779-318 for Volume 10 covering 21 works published in May 2011;
• No. TX 6-779-311 for Volume 10 covering 22 works published in June 2011;
• No. TX 6-788-967 for Volume 10 covering 21 works published in July 2011;
• No. TX 6-788-901 for Volume 10 covering 23 works published in August 2011;
• No. TX 6-788-904 for Volume 10 covering 22 works published in September 2011;
• No. TX 6-789-086 for Volume 10 covering 21 works published in October 2011;
• No. TX 6-789-070 for Volume 10 covering 22 works published in November 2011;
• No. TX 6-788-992 for Volume 10 covering 21 works published in December 2011;
• No. TX 6-788-994 for Volume 11 covering 21 works published January 2012;
• No. TX 6-789-066 for Volume 11 covering 21 works published in February 2012;
• No. TX 6-789-946 for Volume 11 covering 22 works published in March 2012;
• No. TX 6-789-810 for Volume 11 covering 20 works published in April 2012;
• No. TX 6-790-011 for Volume 11 covering 23 works published in May 2012;
• No. TX ------ for Volume 11 covering 21 works published in June 2012 (application pending);
• No. TX ------ for Volume 11 covering 22 works published in July 2012 (application pending);
• No. TX ------ for Volume 11 covering 23 works published in August 2012 (application pending);
• No. TX ------ for Volume 11 covering 20 works published in September 2012 (application pending);
• No. TX ------ for Volume 11 covering 22 works published in October 2012 (application pending);
• No. TX ------ for Volume 11 covering 22 works published in November 2012 (application pending);
• No. TX ------ for Volume 11 covering 20 works published in December 2012 (application pending);
• No. TX -------for Volume 12 covering 22 works published in January 2013 (application pending);
• No. TX 7-744-595 for Volume 12 covering 20 works published in February 2013;
• No. TX 7-744-553 for Volume 12 covering 20 works published in March 2013;
• No. TX 7-726-269 for Volume 12 covering 22 works published in April 2013;
• No. TX 7-731-088 for Volume 12 covering 23 works published in May 2013;
• No. TX 7-726-226 for Volume 12 covering 20 works published in June 2013;
• No. TX ------ for Volume 12 covering 23 works published in July 2013 (application pending);
• No. TX ------ for Volume 12 covering 22 works published in August 2013 (application pending);
• No. TX ------ for Volume 12 covering 21 works published in September 2013 (application pending).

## C.    **Defendant Jefferies International's Subscription History**

34.        Defendant Jefferies International has subscribed to WGI and IOD since at least as

early as October 2010 and has renewed its subscriptions annually.

35.      On or about October 18, 2010, Defendant Jefferies International entered into a single subscription agreement for one (1) copy of WGI.  The method selected by Jefferies International to receive and access WGI was through Plaintiffs' password-protected website, whereby the designated recipient of WGI selects a unique user ID and password that is used to log on to Plaintiffs' website. After logging on to Plaintiffs' website, the designated recipient can view and/or download issues of WGI.  During the period from October 18, 2010 to the present, Jefferies International has continuously maintained a subscription for one (1) copy of WGI. Jefferies International's current subscription to receive one (1) copy of WGI expires on January 28, 2015.

36.      On or about October 18, 2010, Jefferies International also entered into a single subscription agreement for one (1) copy of IOD.  Again, the method selected by Jefferies International to receive and access IOD was through Plaintiffs' password-protected website, just as it chose for WGI. During the period from October 18, 2010 to the present, Jefferies International has continuously maintained a subscription for one (1) copy of IOD.  Jefferies International's current subscription to receive one (1) copy of IOD expires on December 1, 2014.

37.      The employee designated by Jefferies International to receive its single copy of WGI and its single copy of IOD was at all relevant times Mr. Iain Reid ("Reid"), who, upon information and belief, was employed by Jefferies International as a Managing Director Senior Oil & Gas equity analyst in Jefferies International's London, United Kingdom office.

38.      Since 2011, Plaintiffs have transmitted to Jefferies International an invoice and subscription agreement on an annual basis for renewal of the subscription for one copy of WGI and one copy of IOD.

39.      The agreement for Jefferies International's single subscription to WGI in effect on February 6, 2013, attached hereto as Exhibit H, specifically states that "Your payment for and/or your use of the EIG Services signifies your acceptance of, and agreement to, the terms and conditions of this Subscription Agreement,"   Exhibit H, p. 2.  The terms and conditions of the agreement state in part: "All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights."  Exhibit H, p. 2.  "EIG Services" includes the WGI publication and providing access thereto.

40.      The agreement for Jefferies International's single subscription to IOD in effect on January 31, 2013, attached hereto as Exhibit I, specifically states that "Your payment for and/or your use of the EIG Services signifies your acceptance of, and agreement to, the terms and conditions of this Subscription Agreement."  Exhibit I, p. 2.  The terms and conditions of the agreement state in part: "All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights."  Exhibit I, p. 2.  "EIG Services" includes the IOD publication and providing access thereto.

41.      No agreement between Plaintiffs and Jefferies International has ever authorized Jefferies International or any of its employees to share user IDs and passwords used to access EIG's website, or to make and distribute copies of publications subscribed to by Jefferies International.

42.      The forum selection clause in Plaintiffs' Standard Terms and Conditions, which Jefferies International affirmatively accepted states, in pertinent part:

> Jurisdiction and venue for any litigation arising herefrom, including copyright infringement, will be appropriate in any federal or state court located in New

York or other proper jurisdiction as determined under the Federal Rules of Civil Procedure, or other applicable state laws or regulations. If such action is filed in New York, Subscriber hereby agrees and consents to personal jurisdiction in any court located within the State of New York.

Exhibit A, p 4.

### D.   **Defendant Jefferies' Subscription History**

43.     Among other subscriptions to Plaintiffs' publications, Defendant Jefferies has subscribed to OD since at least as early as October 29, 1998 and has renewed its subscription(s) annually until September 27, 2013, at which time Jefferies allowed its subscription to lapse.

44.     During the period from October 29, 1998 through September 27, 2013, Jefferies has continuously maintained annual subscription agreements for multiple copies of OD, which provided Jefferies with OD.  The number of copies of OD that Jefferies subscribed to varied from year to year and ranged from thirty to three.

45.     Because Jefferies maintained subscription agreements for multiple copies of OD, it is aware that additional copies of Plaintiffs' publications can only be obtained by further paid subscriptions.

46.     Pursuant to the various subscription agreements in place from 1998 through September 27, 2013, a certain number of licensed issues of OD were provided to Jefferies' employees as designated by Jefferies directly via electronic mail, while certain other employees of Jefferies elected to access each issue of OD directly via Plaintiffs' website.

47.     Plaintiffs' license agreement with Jefferies for OD, in effect May 31, 2013, attached hereto as Exhibit J specifically states:

> Any unauthorized reproduction or other use of content from the EI Services not specifically authorized under Section 1(c) herein will constitute willful infringement….

Exhibit J, p. 1.

-14-

48.      During the 2006 to 2007 annual subscription period, Jefferies had twenty

subscriptions to OD.  For the 2007 to 2008 period, Jefferies reduced the number of subscriptions

to OD to 11.  For the 2008 to 2009 subscription period, Jefferies reduced its number of

subscriptions to OD to eight.  Jefferies further reduced its subscriptions to four for the 2009 to

2010 subscription period, briefly increased the number to six in 2010 to 2011 before decreasing

the number to five for the 2011 to 2012 period.

49.      For the most recent subscription period which ended on September 27, 2013, Jefferies

reduced the number of subscriptions to OD to three.  The three individuals designated by

Jefferies to receive one copy of OD each during this period were David Brackus, Ralph Eads,

and Stephen Straty.  At Jefferies' election, the OD works were delivered to these individuals as a

PDF or HTML attachment to an email.

50.      Upon information and belief, David Brackus is employed by Jefferies in its

Information Services Group.

51.      Upon information and belief, Ralph Eads is Jefferies' Vice Chairman.

52.      Upon information and belief, Stephen Straty is employed by Jefferies as its Global

Head of Energy Investment Banking.

53.      No agreement has ever authorized Jefferies to copy, transmit, or distribute the OD

Copyrighted Works in violation of Plaintiffs' registered copyrights.

**E.      Defendant Jefferies International's Infringement of Plaintiffs' Copyrighted Works**

   **(1)      *Defendant Jefferies International's Direct Infringement of the WGI
            Copyrighted Works and the IOD Copyrighted Works***

54.      Beginning as early as June 7, 2011 and continuing through September 4, 2013, copies

of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or the articles contained

therein were regularly downloaded from Plaintiffs' website using several different and unique

computers using Mr. Reid's user ID and password.  These computers accessed Plaintiffs' website from Internet Protocol ("IP") addresses registered to Jefferies International.

55.       Several different and unique computers would often download multiple copies of the same publication at close to the same time, a usage pattern that is consistent with multiple individuals downloading many copies of the publications.

56.       Therefore, upon information and belief, multiple employees of Jefferies International other than Mr. Reid downloaded copies of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained therein through Plaintiffs' website using Mr. Reid's unique user ID and password.

57.       Upon information and belief, Jefferies International actively and willfully concealed this activity from Plaintiffs.

58.       The pattern of downloading many copies of the publications by multiple computers ceased in September 2013, shortly after Plaintiffs sent Jefferies a letter, discussed in ¶ 86 below, describing Plaintiffs' concerns that Jefferies was infringing Plaintiffs' exclusive rights in its publications.

59.       Plaintiffs' website is hosted by servers located in the State of New York and this District.

60.       Upon information and belief, Jefferies International's intranet and email systems are highly secure and only those individuals or entities that Jefferies International designates may access the systems.

61.       Upon information and belief, Jefferies International's intranet, servers, and email systems cannot be accessed by the general public or by Plaintiffs.

62.       Upon information and belief, Jefferies International's acts of copying the WGI

Copyrighted Works and IOD Copyrighted Works constitutes willful infringement of Plaintiffs'

valid and subsisting copyrights in the WGI Copyrighted Works, the IOD Copyrighted Works,

and the articles therein.

    **(2)**       ***Defendant Jefferies International's Contributory Infringement of the WGI
Copyrighted Works and the IOD Copyrighted Works***

63.       Beginning at least as early as December 5, 2012 and continuing through August 23,

2013, a person or persons using Mr. Reid's user ID and password accessed Plaintiffs' website

from IP addresses located, upon information and belief, in the United States (the "US IP

Addresses"),[1] and downloaded copies of the WGI Copyrighted Works, the IOD Copyrighted

Works, and/or articles contained therein.

64.       The US IP Addresses are registered to Defendant Jefferies and are located, upon

information and belief, in the State of New York and this District.

65.       Mr. Reid's user ID and password were frequently used to download copies of the

WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained therein from

the US IP Addresses on the same day as Mr. Reid's user ID and password were used to

download copies of the publications from an IP Address registered to Jefferies International (the

"UK IP Address"),[2] and located, upon information and belief, in London.

66.       All activity from the US IP Addresses using Mr. Reid's user ID and password ceased

by September 2013, shortly after Plaintiffs sent Jefferies the letter, discussed in ¶ 86 below,

describing Plaintiffs' concerns that Jefferies was infringing Plaintiffs' exclusive rights in its

publications.

---

[1] The US IP Addresses are 169.196.173.20, 169.196.198.10, and 169.196.68.11.

[2] The UK IP Address is 62.189.114.10.

67.      Therefore, upon information and belief, on or before December 5, 2012, Jefferies International employee Mr. Reid shared his unique user ID and password associated with Jefferies International's single subscription to WGI and IOD with employees of Jefferies.  Upon information and belief, these Jefferies employees accessed Plaintiffs' website and downloaded copies of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained therein utilizing Mr. Reid's user ID and password while actively and willfully concealing this activity from Plaintiffs.

68.      Upon information and belief, Jefferies International employee Mr. Reid shared his unique user ID and password with knowledge that it would be used to download copies of the IOD Copyrighted Works, the WGI Copyrighted Works, and/or the articles contained therein from Plaintiffs' website.

69.      By sharing the unique user ID and password associated with Jefferies International's single subscriptions to WGI and IOD with a person or persons located in New York, Jefferies International knowingly induced, caused, or materially contributed to the unauthorized copying of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained therein by the person or persons located in New York.

70.      No agreement between Plaintiffs and Jefferies International authorizes Jefferies International or any of its employees to share user ID and passwords used to access EIG's website, or to make and distribute copies of publications subscribed to by Jefferies International.

71.      Jefferies International's subscription agreements for a single copies of WGI and IOD defines distributing copies of WGI and IOD, including the articles and content therein, as willful infringement.  *See* Exhibits H & I.

72.      Upon information and belief, Jefferies International's acts of inducing, causing, or

materially contributing to the infringement of the WGI Copyrighted Works and the IOD Copyrighted Works constitutes willful infringement of Plaintiffs' valid and subsisting copyrights in the WGI Copyrighted Works, the IOD Copyrighted Works, and the articles therein.

**F.      Defendant Jefferies' Infringement of Plaintiffs' Copyrighted Works**

> **(1)      *Defendant Jefferies' Direct Infringement of the WGI Copyrighted Works and the IOD Copyrighted Works***

73.      Beginning at least as early as December 5, 2012 and continuing through August 23, 2013, a person or persons accessed Plaintiffs' website from the US IP Addresses and downloaded copies of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained therein utilizing Jefferies International's employee Mr. Reid's unique user ID and password, as described in ¶¶ 63 – 69 above.

74.      The US IP Addresses are registered to Jefferies and, upon information and belief, are located in New York.

75.      Upon information and belief, Jefferies' intranet, servers, and email systems are highly secure and only those individuals or entities that Jefferies designates may access the systems.

76.      Therefore, upon information and belief, the person or persons accessing Plaintiffs' website to download copies of WGI, IOD, and/or the articles contained therein from the US IP Addresses were employees of Jefferies.

77.      All activity from the US IP Addresses using Mr. Reid's user ID and password ceased by September 2013, shortly after Plaintiffs sent Jefferies the letter, discussed in ¶ 86 below, describing Plaintiffs' suspicions that Defendants were infringing Plaintiffs' exclusive rights in its publications.

78.      No agreement between Plaintiffs and Jefferies or Jefferies International has ever authorized Jefferies, Jefferies International, or any of their respective employees to share user ID

and passwords used to access Plaintiffs' website, or to make and distribute copies of Plaintiffs' publications.

79.      Upon information and belief, employees of Jefferies made unauthorized copies of the WGI Copyrighted Works, the IOD Copyrighted Works, and/or the articles contained therein using the unique user ID and password associated with Jefferies International's single subscriptions to WGI and IOD.

### (2)      *Defendant Jefferies' Direct Infringement of the OD Copyrighted Works*

80.      On May 19, 2012, Jimmy Ramirez, a former EIG Account Administrator, and Alex Karim, EIG Sales Manager, visited the Houston, Texas office of Jefferies (then known as Jefferies & Co., Inc.) as part of a sales effort.

81.      During that sales visit, Mr. Ramirez and Mr. Karim met with David Brackus of Jefferies' Information Services Group and discussed Jefferies' need for additional subscriptions to OD.  At the time of the May 19, 2012 sales visit, Jefferies had five subscriptions to OD.

82.      Mr. Brackus indicated that Jefferies had a need for enough subscriptions for all twenty-five employees of its Investment Banking Division who focus on the oil & gas industries to each receive OD.

83.      Over the preceding six years, Jefferies had reduced the number of its subscriptions to OD from twenty to five, as described in ¶ 48 above.

84.      Following the May 19, 2012 sales visit, Jefferies further reduced the number of its subscriptions to OD from five to three.

85.      Subsequently, Plaintiffs became aware of password sharing and copying in Jefferies International's London office, as described in ¶¶ 54 – 62 above, as well as copies of IOD and WGI being downloaded from IP addresses owned by Jefferies, as described in ¶¶ 63 – 79.

86.     On August 14, 2013, counsel for Plaintiffs wrote to Jefferies regarding Plaintiffs'

belief that Jefferies was infringing its copyrights in Plaintiffs' publications.  Plaintiffs asked that

Jefferies conduct an internal investigation to determine if there was any misuse of Plaintiffs'

copyrighted publications, including OD, WGI, and IOD.

87.     On August 21, 2013, Stewart A. Pomerantz, Jefferies' Senior Vice President and

Associate General Counsel wrote to Plaintiffs' counsel representing that Jefferies was making

inquiries into any misuse by its employees of Plaintiffs' publications.

88.     After receiving no further response from Jefferies, Plaintiffs' counsel wrote to

Jefferies on October 1, 2013 following up on their initial August 14, 2013 letter.  Jefferies did

not respond.

89.     Plaintiffs subsequently filed a lawsuit in the Southern District of Texas against

Defendant Jefferies alleging infringement of the OD Copyrighted Works.  The parties discussed

settlement.  Plaintiffs voluntarily dismissed the lawsuit without prejudice pursuant to Federal

Rule of Civil Procedure 41(a)(1)(A)(i) to facilitate settlement discussions and to avoid incurring

litigation costs.  Settlement has not been reached.

90.     Upon information and belief, Jefferies copied, distributed, and/or forwarded the OD

Copyrighted Works to unauthorized recipients while at the same time decreasing the number of

subscriptions to OD to reduce its costs.

91.     Upon information and belief, Jefferies has been regularly copying and distributing

copies of the OD Copyrighted Works and the articles contained therein since at least as early as

July 1, 2007.

92.     At no time did Plaintiffs grant Jefferies permission to copy, distribute or forward any

issues of the OD Copyrighted Works or the articles contained therein.

93.        Upon information and belief, Jefferies' intranet, servers, and email system are highly secure and only those individuals or entities that Jefferies designates may access the system.

94.        Upon information and belief, Jefferies intranet, servers, and email system cannot be accessed by the general public or by Plaintiffs.

95.        Upon information and belief, Jefferies actively, fraudulently, and willfully concealed its regular and systematic reproduction and distribution of copies of the OD Copyrighted Works and the articles contained therein.

96.        The subscription agreement between Plaintiffs and Jefferies states

97.        Upon information and belief, Jefferies' actions of copying and distributing copies of the OD Copyrighted Works constitutes willful infringement of Plaintiffs' valid and subsisting copyrights in the OD Copyrighted Works and the articles therein.

## CAUSES OF ACTION

### COUNT ONE
### (COPYRIGHT INFRINGEMENT BY JEFFERIES INTERNATIONAL
### OF THE IOD COPYRIGHTED WORKS)

98.        Plaintiffs repeat and allege the allegations of Paragraphs 1 through 97 as though fully set forth herein.

99.        Plaintiffs were and are the exclusive holders of all rights, title and interest in the IOD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the IOD Copyrighted Works.  *See* Exhibit G.

100.        Each entire publication and the articles contained in the IOD Copyrighted Works are highly original and contain creative expression and independent analysis.  *See, e.g.,* Exhibit D.

101.        Copies of the IOD Copyrighted Works and the articles contained therein were made available to and were received by Jefferies International pursuant to subscription agreements.

102.     Upon information and belief, Jefferies International has willfully copied the IOD Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs.

103.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, on Plaintiffs' website, and in the subscription agreements, Jefferies International knew and/or was on notice that the IOD Copyrighted Works are protected by copyright laws, and therefore is unable to assert a defense of innocent infringement. *See* 17 U.S.C § 401(d).

104.     Jefferies International's subscription agreements to the IOD Copyrighted Works prohibit any copying and/or distributing of any IOD work, including the January 31, 2013 IOD Copyrighted Work, and any articles contained therein. *See*, *e.g.,* Exhibit I, p. 2.

105.     Upon information and belief, Jefferies International willfully infringed the copyrights in the IOD Copyrighted Works, and the articles contained therein, by acting with knowledge that its actions constituted infringement, or at least acted with reckless disregard of the possibility that the conduct complained about constitutes infringement.

106.     Jefferies International's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of the IOD Copyrighted Works and the articles contained therein.  Jefferies International's copying, transmitting and distributing of Plaintiffs' IOD Copyrighted Works and the articles contained therein, constitutes a willful, and deliberate infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

107.     Plaintiffs have no adequate remedy at law.

## COUNT TWO
## (COPYRIGHT INFRINGEMENT BY JEFFERIES INTERNATIONAL OF
## THE WGI COPYRIGHTED WORKS)

108.     Plaintiffs repeat and allege the allegations of Paragraphs 1 through 107 as though

fully set forth herein.

109.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the WGI

Copyrighted Works and the articles, as separate and distinct works contained therein, and are the

owners of valid copyright registrations for the WGI Copyrighted Works.  *See* Exhibit F.

110.     Each entire publication and the articles contained in the WGI Copyrighted Works are

highly original and contain creative expression and independent analysis.  *See, e.g.,* Exhibit C.

111.     Copies of the WGI Copyrighted Works and the articles contained therein were made

available to and were received by Jefferies International pursuant to subscription agreements.

112.     Upon information and belief, Jefferies International has willfully copied the WGI

Copyrighted Works and the articles contained therein on a consistent and systematic basis, and

concealed these activities from Plaintiffs.

113.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of

Plaintiffs' publications, on Plaintiffs' website, and in the subscription agreements, Jefferies

International knew and/or was on notice that the WGI Copyrighted Works are protected by

copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17

U.S.C § 401(d).

114.     Jefferies International's subscription agreements to the WGI Copyrighted Works

prohibit any copying and distributing of any WGI work, including the February 6, 2013 WGI

Copyrighted Work and any articles contained therein.  *See, e.g.,* Exhibit H, p. 2.

115.     Upon information and belief, Jefferies International willfully infringed the copyrights

in the WGI Copyrighted Works, and the articles contained therein, by acting with knowledge that

its actions constituted infringement, or at least acted with reckless disregard of the possibility that the conduct complained about constitutes infringement.

116.      Jefferies International's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of the WGI Copyrighted Works and the articles contained therein.  Jefferies International's copying, transmitting, and distributing of Plaintiffs' WGI Copyrighted Works and the articles contained therein, constitutes a willful, and deliberate infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

117.      Plaintiffs have no adequate remedy at law.

## COUNT THREE
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT BY JEFFERIES INTERNATIONAL OF THE IOD COPYRIGHTED WORKS)

118.      Plaintiffs repeat and allege the allegations of Paragraphs 1 through 117 as though fully set forth herein.

119.      Upon information and belief, Jefferies International has, with knowledge, induced, caused, or materially contributed to the unauthorized copying of the IOD Copyrighted Works and the articles contained therein on a consistent and systematic basis by sharing a unique user ID and password associated with Jefferies International's single subscription to IOD with a person or persons located in New York for the purpose of creating copies of IOD, and concealed this activity from Plaintiffs.

120.      Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, on Plaintiffs' website, and in the subscription agreements, Jefferies International knew and/or was on notice that the IOD Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17 U.S.C § 401(d).

121.     Jefferies International's subscription agreements to the IOD Copyrighted Works prohibit any unauthorized access, including password sharing, copying, and distributing of any IOD work, including the January 31, 2013 IOD Copyrighted Work and any articles contained therein.  *See* Exhibit I, p. 2.

122.     Upon information and belief, Jefferies International willfully infringed the copyrights in the IOD Copyrighted Works, and the articles contained therein, by acting with knowledge that its acts would cause, induce, or materially contribute to the infringement, or at least acted with reckless disregard of the possibility that the conduct complained about constitutes infringement.

123.     Jefferies International's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act, 17 U.S.C. § 106, as amended, and, upon information and belief, constitute willful contributory infringement of Plaintiffs' copyrights in the IOD Copyrighted Works, and the articles contained therein.  Jefferies International's inducement, causation, or material contribution to the violations of Plaintiffs' exclusive rights in the IOD Copyrighted Works and the articles contained therein constitutes a willful and deliberate infringement of Plaintiffs' copyrights and is causing irreparable harm and damage to Plaintiffs.

124.     Plaintiffs have no adequate remedy at law.

<u>**COUNT FOUR**</u>
**(CONTRIBUTORY COPYRIGHT INFRINGEMENT BY**
**JEFFERIES INTERNATIONAL OF THE WGI COPYRIGHTED WORKS)**

125.     Plaintiffs repeat and allege the allegations of Paragraphs 1 through 124 as though fully set forth herein.

126.     Upon information and belief, Jefferies International has, with knowledge, induced, caused, or materially contributed to the unauthorized copying of the WGI Copyrighted Works and the articles contained therein on a consistent and systematic basis by sharing a unique user ID and password associated with Jefferies International's single subscription to WGI with a

person or persons located in New York for the purpose of creating copies of IOD, and concealed this activity from Plaintiffs.

127.    Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, on Plaintiffs' website, and in the subscription agreements, Jefferies International knew and/or was on notice that the WGI Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17 U.S.C § 401(d).

128.    Jefferies International's subscription agreements to the WGI Copyrighted Works prohibit any unauthorized access, including password sharing, copying, and distributing of any WGI work, including the February 6, 2013 WGI Copyrighted Work and any articles contained therein.  *See* Exhibit H, p. 2.

129.    Upon information and belief, Jefferies International willfully infringed the copyrights in the IOD Copyrighted Works, and the articles contained therein, by acting with knowledge that its acts would cause, induce, or materially contribute to the infringement, or at least acted with reckless disregard of the possibility that the conduct complained about constitutes infringement.

130.    Jefferies International's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act, 17 U.S.C. § 106, as amended, and, upon information and belief, constitute willful contributory infringement of Plaintiffs' copyrights in the WGI Copyrighted Works and the articles contained therein.  Jefferies International's inducement, causation, or material contribution to the violations of Plaintiffs' exclusive rights in the WGI Copyrighted Works and the articles contained therein constitutes a willful and deliberate infringement of Plaintiffs' copyrights and is causing irreparable harm and damage to Plaintiffs.

131.    Plaintiffs have no adequate remedy at law.

**COUNT FIVE**
**(COPYRIGHT INFRINGEMENT BY JEFFERIES**
**OF THE IOD COPYRIGHTED WORKS)**

132.     Plaintiffs repeat and allege the allegations of Paragraphs 1 through 131 as though fully set forth herein.

133.     Upon information and belief, Jefferies made copies of the IOD Copyrighted Works and the articles contained therein on a consistent and systematic basis, by downloading copies of the IOD Copyrighted Works using Mr. Reid's user ID and password, as described in ¶¶ 73 – 79 above.

134.     Upon information and belief, Jefferies concealed this activity from Plaintiffs.

135.     Upon information and belief, Jefferies willfully infringed the copyrights in the IOD Copyrighted Works and the articles contained therein, by acting with knowledge that its actions were infringing, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

136.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications and on Plaintiffs' website, Jefferies knew and/or was on notice that the IOD Copyrighted Works are protected by copyright laws, and is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

137.     Jefferies' aforesaid acts violate Plaintiffs' exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the IOD Copyrighted Works and the articles contained therein. Jefferies' copying, transmitting and distributing of Plaintiffs' IOD Copyrighted Works and the articles contained therein, constitutes a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

138.     Plaintiffs have no adequate remedy at law.

## COUNT SIX
## (COPYRIGHT INFRINGEMENT BY JEFFERIES OF
## THE WGI COPYRIGHTED WORKS)

139.     Plaintiffs repeat and allege the allegations of Paragraphs 1 through 138 as though fully set forth herein.

140.     Upon information and belief, Jefferies made copies of the WGI Copyrighted Works and the articles contained therein on a consistent and systematic basis, by downloading copies of the WGI Copyrighted Works using the user ID and password associated with Jefferies International single subscription to WGI, as described in ¶¶ 73 – 79 above.

141.     Upon information and belief, Jefferies concealed this activity from Plaintiffs.

142.     Upon information and belief, Jefferies willfully infringed the copyrights in the WGI Copyrighted Works and the articles contained therein, by acting with knowledge that its actions were infringing, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

143.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications and on Plaintiffs' website, Jefferies knew and/or was on notice that the WGI Copyrighted Works are protected by copyright laws, and is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

144.     Jefferies' aforesaid acts violate Plaintiffs' exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the WGI Copyrighted Works and the articles contained therein. Jefferies' copying of Plaintiffs' WGI Copyrighted Works and the articles contained therein, constitutes a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

145.     Plaintiffs have no adequate remedy at law.

## COUNT SEVEN
## (COPYRIGHT INFRINGEMENT BY JEFFERIES
## OF THE OD COPYRIGHTED WORKS)

146.     Plaintiffs repeat and allege the allegations of Paragraphs 1 through 145 as though fully set forth herein.

147.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the OD Copyrighted Works.  *See* Exhibit E.

148.     Each entire publication and the articles contained in the OD Copyrighted Works are highly original and contain creative expression and independent analysis.  *See, e.g.,* Exhibit B.

149.     Copies of the OD Copyrighted Works and the articles contained therein were made available to and were received by Jefferies pursuant to annual subscription agreements.

150.     Upon information and belief, Jefferies has for years willfully copied and distributed copies of the OD Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs, as described in ¶¶ 80 – 97 above.

151.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the daily transmittal cover emails, and that fact that Jefferies maintained subscription agreements for multiple copies of OD, Jefferies knew and/or was on notice that the OD Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17 U.S.C § 401(d).

152.     Jefferies' subscription agreements to the OD Copyrighted Works prohibit any copying and distributing of any OD work, including the May 31, 2013 OD Copyrighted Work, and any articles contained therein.  *See* Exhibit J, p. 1.

-30-

153.     Upon information and belief, Jefferies willfully infringed the copyrights in the OD Copyrighted Works and the articles contained therein, by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement, .

154.     Jefferies' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OD Copyrighted Works and the articles contained therein.  Jefferies' copying, transmitting and distributing of Plaintiffs' OD Copyrighted Works and the articles contained therein, constitute a willful and deliberate infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

155.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs demands judgment against Defendants on the foregoing claims as follows:

(1)     That the Court enter judgment against Defendants in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(2)     That Defendants, their directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of OD, WGI, and

IOD, including the OD Copyrighted Works, the WGI Copyrighted Works, the IOD

Copyrighted Works, and the articles contained therein;

(3)     That Defendants be required to pay Plaintiffs statutory damages, which should be

increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(4)     That Defendants be required to pay to Plaintiffs such actual damages as they have

sustained as a result of Defendant's copyright infringement and/or statutory damages

pursuant to 17 U.S.C. § 504;

(5)     That Defendants be required to account for and disgorge to Plaintiffs all gains,

profits, and advantages derived from their copyright infringement pursuant to

17 U.S.C. § 504;

(6)     That the Court issue an Order requiring Defendants to hold harmless and indemnify

Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any

of Plaintiffs' publications it received as a result of Defendants' unauthorized use of

Plaintiffs' copyrighted materials;

(7)     That the Court enter judgment against Defendant Jefferies finding that its unlawful

copying, transmitting, and distribution of the OD Copyrighted Works, the WGI

Copyrighted Works, the IOD Copyrighted Works, and the articles contained therein is

willful;

(8)     That the Court enter judgment against Defendant Jefferies International that its

unlawful copying, transmitting, and distribution of the WGI Copyrighted Works and

the IOD Copyrighted, and the articles contained therein is willful and that its unlawful

inducement, causation, or material contribution to the unauthorized copying of the

WGI Copyrighted Works, the IOD Copyrighted Works, and/or articles contained

therein is willful;

(9)     That Defendants be ordered to pay Plaintiffs' costs in this action along with

reasonable attorneys' fees; and

(10)    That Plaintiffs be granted such further relief as the Court deems just and proper.

Respectfully submitted,                    Powley & Gibson, P.C.

Dated:  June 6, 2014                  By:   _____
                                            Robert L. Powley (RP7674)
                                            rlpowley@powleygibson.com
                                            James M. Gibson (JG9234)
                                            jmgibson@powleygibson.com
                                            Stephen M. Ankrom (SA5375)
                                            smankrom@powleygibson.com

                                            POWLEY & GIBSON, P.C.
                                            304 Hudson Street – 2nd Floor
                                            New York, NY 10013
                                            Telephone: (212) 226-5054
                                            Facsimile: (212) 226-5085

                                            Attorneys for Plaintiffs
                                            ENERGY INTELLIGENCE GROUP, INC.
                                            and ENERGY INTELLIGENCE GROUP
                                            (UK) LIMITED