UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED,

                                        Plaintiffs,

             - against -

JEFFERIES, LLC and JEFFERIES
INTERNATIONAL LIMITED,

                                        Defendants.
------------------------------------------------------------------X

14 CV 04115

**OPINION & ORDER**

**LORETTA A. PRESKA, Chief U.S.D.J.**

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs") bring suit for copyright infringement and contributory copyright infringement against Jefferies, LLC ("Jefferies") and Jefferies International Limited ("JIL") (collectively, "Defendants"). (Compl. ¶ 1.)

Defendants contend that Plaintiffs have failed to satisfy the pleading standards for a copyright claim under Rule 8 of the Federal Rules of Civil Procedure and move to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## I.     BACKGROUND

The following facts are alleged in the Complaint and are accepted as true for the purposes of the Motion to Dismiss.

### A. Plaintiffs' Publications

Plaintiffs publish newsletters and other publications about the global energy industry. (Compl. ¶ 13.)  As it relates to the instant action, Plaintiffs publish the weekly newsletter <u>World Gas Intelligence</u> ("WGI") and the daily newsletters <u>International Oil Daily</u> ("IOD") and <u>Oil Daily</u> ("OD").  (<u>Id.</u>)  Plaintiffs register WGI, IOD, and OD with the U.S. Copyright Office on a monthly basis. (<u>Id.</u> ¶¶ 24-33.)  These publications are marketed to bankers, investors, researchers and other individuals with an interest in the energy industry, and are accessible by subscription only via Plaintiffs' password-protected website or e-mail. (<u>Id.</u> ¶¶ 14, 21.)

### B. The WGI and IOD Infringement Claims

#### 1. Defendant JIL

Defendant JIL is a United Kingdom limited company with its principal place of business in London. (<u>Id.</u> ¶ 5.)   On October 18, 2010, JIL entered into subscription agreements for one single-user license to access WGI and one single-user license to access IOD.  (<u>Id.</u> ¶¶ 35–36.) JIL's subscriptions to WGI and IOD are governed by the terms and conditions attached to the Complaint.  (<u>Id.</u> ¶¶ 11, 34-36, 39, 40; Ex. A.)[1]  The WGI and IOD licenses limit access to Authorized Users on a per-person basis, although some distribution to unauthorized users is

---

[1] Plaintiffs attach three sets of WGI/IOD terms and conditions to the Complaint.  Exhibit A contains the standard terms and conditions that apply to all EIG subscription services. (Compl., Ex. A at 1) ("Any use, access and/or subscription to EI Services . . . whether obtained directly from Energy Intelligence [or another source] is governed by these Standard Terms and Conditions.")  Exhibits H and I contain the agreements attached to invoices for JIL's subscriptions to WGI and IOD, respectively.  Exhibits H and I are identical, but Exhibit A is not identical to H and I.  Because Plaintiffs rely on Exhibit A to assert that JIL has consented to personal jurisdiction for this dispute in the Southern District of New York, (Compl. ¶ 11, 42), the Court will assume for the purposes of this Motion that Exhibit A governs JIL's subscriptions to WGI and IOD.

allowed in a "non-systematic manner." (<u>Id.</u>, Ex. A at 1.) The terms and conditions state, in pertinent part:

> (b) Access. . . . The [publications] may be accessed via [Plaintiffs'] website . . . and/or provided by email . . . Subscriber shall permit only Authorized Users to access and use the [publications]. Each Authorized User is authorized to access and use the [publications] on an individual, per-person basis [or] through the creation of a unique password, the validation of a unique e-mail address. . .
>
> (c) Use. . . . Authorized Users may download the licensed [publications] only for their respective individual referential use. In addition, Authorized Users may occasionally distribute a copy of a story from the [publications] to a few individuals, and in a non-systematic manner, in the ordinary course of business . . . Except as otherwise noted [here] no content from the [publications] may be downloaded, transmitted, broadcast, transferred, assigned, reproduced or in any other way used or disseminated in an form to any person not specifically identified herein as Authorized User.

(<u>Id.</u>) JIL elected to receive this subscription through its employee Iain Reid ("Reid"), who was given a unique user ID and password providing access to Plaintiffs' website where Reid could view and download WGI and IOD. (<u>Id.</u> ¶ 37.) Reid was the sole authorized user within JIL at all relevant times during the period alleged in the Complaint. (<u>Id.</u>)

Plaintiffs allege that, between June 2011 and September 2013, copies of WGI and IOD articles were regularly downloaded from Plaintiffs' website onto several distinct computers using Reid's username and password. (<u>Id.</u> ¶ 54.) These computers accessed Plaintiffs' website through a single internet protocol ("IP") address registered to JIL in London. (<u>Id.</u>) During this period, "several" different computers downloaded copies of the same publication at "close to the same time." (<u>Id.</u> ¶ 55.) Upon information and belief, Plaintiffs allege that "multiple employees of Jefferies International other than [Reid] downloaded copies" of the WGI and IOD "using [Reid's] unique user ID and password." (<u>Id.</u> ¶ 56.)

### 2. Defendant Jefferies

Defendant Jefferies is a limited liability company incorporated in Delaware with its primary place of business in New York City. (Id. ¶ 4.)  Plaintiffs allege that, from December 2012 to August 2013, copies of WGI and IOD were viewed and downloaded using Reid's user name and password from computers accessing Plaintiffs' website from three US-based IP addresses registered to Jefferies. (Id. ¶ 63-64.)  Reid's user ID and password were "frequently used" to download WGI and IOD articles from the Jefferies US-based IP addresses on the same day that Reid's user ID and password were also used to download the publications from an IP address registered to JIL in London. (Id. ¶ 65.)  Plaintiffs allege, upon information and belief, that "the persons accessing Plaintiffs' website to download copies [of WGI and IOD] from the US IP addresses were employees of Jefferies" and that these employees "made unauthorized copies of [WGI and IOD] using the unique user ID and password associated with [JIL's] single subscriptions to WGI and IOD." (Id. ¶¶ 76, 79.)

On August 14, 2013, Plaintiffs sent Defendant Jefferies a letter stating that they were concerned Defendants were infringing Plaintiffs' copyrights. (Id. ¶ 86.)  The letter requested that Jefferies conduct an internal investigation to determine if their employees were infringing Plaintiffs' copyrights. (Id.)  On August 21, 2013, Jefferies responded that it was conducting inquiries into the matter. (Id. ¶ 87.)  On October 1, 2013, Plaintiffs sent another letter to Jefferies to follow up on the results of the investigation. (Id. ¶ 88.)  Jefferies did not respond. (Id.)  All suspicious activity from the JIL and Jefferies' IP addresses ceased in September 2013. (Id. ¶¶ 58, 66.)

### C.  The OD Infringement Claim

Defendant Jefferies has been an OD subscriber since October 1998, at one point holding a maximum of thirty subscriptions. (Id. ¶¶ 43-44.)  On May 19, 2012, EIG sales representatives met with employees of Jefferies in Houston, Texas as part of a sales effort.  (Id. ¶ 80.)  At the time of the visit, Jefferies held five OD subscriptions.  (Id. ¶ 81.)  During the meeting, an employee within Jefferies' Information Services Group indicated Jefferies had a need for twenty-five subscriptions for the firm's Investment Banking Division employees.  (Id.)  Following the meeting, Jefferies reduced the number of its subscriptions to three.  (Id. ¶ 84.)  Based on these allegations, Plaintiffs plead, upon information and belief, that "since at least as early as July 1, 2007," Jefferies has been "copy[ing], distribut[ing], and/or forward[ing]" the OD Copyrighted Works "to unauthorized recipients while at the same time decreasing the number of subscriptions to OD to reduce its costs."  (Compl. ¶¶ 90-91.)

### D.  Procedural History

On March 11, 2014, EIG brought a claim of copyright infringement against Jefferies in the United States District Court for the Southern District of Texas based on the same allegations in the instant complaint regarding Jefferies' OD subscriptions.  (Decl. of Michael S. Elkin in Supp. of Mot. to Dismiss ("Elkin Decl."), Ex. 2, ECF No. 14.)  Plaintiffs voluntarily dismissed the lawsuit without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  (Id. ¶ 89.)

Plaintiffs filed the instant action for direct and contributory copyright infringement on June 6, 2014.  (Id. ¶ 1.)  On August 4, 2014, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), ECF No. 15.)  Plaintiffs filed a memorandum in opposition on August 18, 2014, (Pls.' Mem. in Opp'n ("Opp'n"), ECF No. 17), and Defendants replied on August 28, 2014.  (Defs.' Reply Mem. in

Supp. of Mot. to Dismiss ("Reply"), ECF No. 18.)  Oral argument was held before Judge Robert

P. Patterson, Jr. on December 10, 2014.  (Tr. of Oral Argument ("Tr.") at 1, December 10, 2014.)

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it does not present

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  Reviewing the facial sufficiency of a complaint, the court

"accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in

the plaintiff's favor." Klauber Bros. Inc. v. Bon-Ton Stores, Inc., 557 F. App'x 77, 79-80 (2d

Cir. 2014).  However, "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and the plaintiff must provide "more than labels and conclusions." Twombly,

550 U.S. at 555.  Conclusory statements are not entitled to the assumption of truth.  Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).  "Plausibility . . . depends on a host of considerations: the full

factual picture presented by the complaint, the particular cause of action and its elements, and the

existence of alternative explanations so obvious that they render plaintiff's inferences

unreasonable." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011).

When considering a motion to dismiss under 12(b)(6), a court may consider the

complaint as well as "any written instrument attached to the complaint as an exhibit or any

statements or documents incorporated in it by reference." Yak v. Bank Brussels Lambert, 252

F.3d 127, 130 (2d Cir. 2001) (citation and internal quotation marks omitted).

## III.    DISCUSSION

Plaintiffs bring four claims: (1) copyright infringement of the WGI and IOD newsletters

by JIL; (2) copyright infringement of the WGI and IOD newsletters by Jefferies; (3) contributory

copyright infringement of the WGI and IOD newsletters by JIL; and (4) copyright infringement

of the OD newsletter by Jefferies.  Defendants move to dismiss each of these claims under 12(b)(6) for failure to state a claim.

## A. Direct Infringement of the WGI and IOD Copyrights by JIL

Plaintiffs contend that JIL infringed Plaintiffs' copyrights in the WGI and IOD newsletters when unauthorized users in the London office allegedly used Reid's password to access and download articles from Plaintiffs' subscription-only website.  In a claim for copyright infringement, "Rule 8 requires that the particular infringing acts be set out with some specificity." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36, n.3 (S.D.N.Y.1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950 (1994) (internal citations omitted).  In this District, courts apply the Kelly court's four-prong test to determine whether a claim of copyright infringement satisfies the requirements of Rule 8.  See, e.g., Jacobs v. Carnival Corp., 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009).  To survive dismissal, the complaint must allege: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." Id. (citations omitted).  Where, as here, Defendants hold a license that authorizes some copying of the copyrighted material, plaintiffs must plead acts outside the scope of the license.  Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000) (a "licensor may bring a claim for infringement where [the] licensee uses copyrighted material beyond the scope of [the] license").

Defendants do not contest the sufficiency of the allegations that Plaintiffs own and registered the copyrighted works listed in the Complaint.  Rather, Defendants argue that Plaintiffs have failed to plead any acts of infringement of any copyrighted work and have failed to plead sufficient facts to infer plausibly that JIL infringed Plaintiff's copyrights.  The Court

reads this argument as implicating the first and fourth prongs of <u>Kelly</u> and will discuss both prongs in turn.

### i.    Plaintiffs have adequately identified which copyrighted works are the subject of the claim.

With regard to the first prong, courts require that plaintiffs plead which specific original works are the subject of the copyright claim to ensure that defendants have adequate notice of the identity of the copyrights infringed.  <u>Warren v. John Wiley & Sons, Inc.</u>, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013).  A plaintiff may fail to meet this requirement if the Complaint "bases an infringement claim on overly-inclusive lists of copyrighted works" that amount to "vague and expansive allegations regarding which works are the subject of [p]laintiff's claims." <u>Cole v. John Wiley & Sons, Inc.</u>, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) (dismissing copyright infringement claims where plaintiff provided multiple pages of charts and spreads listing works licensed to defendant but alleging neither that all the copyrights were infringed nor any specific one was); <u>but see</u> <u>Young-Wolff v. McGraw-Hill Companies</u>, 2014 WL 349711, at *2 (S.D.N.Y. Jan. 31, 2014) (concluding without discussion that plaintiffs satisfied <u>Kelly</u> when plaintiff alleged defendant infringed 2,210 copyrighted works by various means).

Plaintiffs list 41 WGI copyright registrations covering 170 works and 34 IOD copyright registrations covering over 700 works and allege that these are the subjects of the copyright claim against JIL. (Compl. ¶¶ 32, 33, 102, 105, 112, 115.)  Notably, Plaintiffs allege that these works were downloaded by JIL; they do not allege that all of these works were infringed or that any specific one of them was.  However, the Court finds that it would be impracticable to require Plaintiffs to do so.  Per the terms of the subscription agreement, Reid was JIL's sole authorized user of Plaintiffs' website.  (<u>Id.</u> ¶ 37.)  Whether a specific work was infringed depends upon who was sitting at the computer when the work was accessed or downloaded.  If Reid was the user,

there is no infringement.  See Sony Corp. of Am. V. Universal City Studios, Inc., 464 U.S. 417,

433 (1984) ("anyone who is authorized by the copyright owner . . . is not an infringer of the

copyright.")  If any other JIL employee was signed in with Reid's username and password, such

use would be outside the scope of the license and may constitute infringement.  See Marshall v.

New Kids On The Block P'ship, 780 F. Supp. 1005, 1008–09 (S.D.N.Y. 1991) (Patterson, J.).

Prior to discovery, Plaintiffs could not possibly plead which works were infringed or by whom,

because only JIL knows who was sitting at the computer at any given time.

While in cases of more public infringing activities, failure to enumerate specifically the

allegedly infringed works might be fatal to the claim, see, e.g. Cole, 2012 WL 3133520, at *12

(dismissing where plaintiff broadly alleged unauthorized publishing of copyrighted photographs

but did not allege which works were infringed), Plaintiffs' pleading of the potentially-infringed

works suffices because Defendants are in sole possession of the facts that determine whether any

individual work was infringed.  See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir.

2010) (plaintiff permitted to plead upon information and belief "where the facts are peculiarly

within the possession and control of the defendant").  The list of the specific works accessed by

JIL is broad, but it is exhaustive and provides the "basic factual notice" of the subject of the

claim as required under Rule 8.  Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC, 2014

WL 2481904 (S.D.N.Y. June 2, 2014); see Elliott v. Gouverneur Tribune Press, Inc., 2013 WL

6240489, at *2 (N.D.N.Y. Dec. 3, 2013) (finding defendant put on fair notice when list of

allegedly infringed works was exhaustive).

 ii.  **Plaintiffs adequately allege "by what acts" JIL infringed Plaintiffs'
copyright.**

A complaint must state "by what acts and during what time the defendant infringed the

copyright."  Kelly, 145 F.R.D. at 36, n.3.  However, copyright claims are not subject to a

heightened pleading standard. Warren, 952 F. Supp. 2d at 617.  The complaint "need not specify which copyright is infringed by which act" but must make more than broad, sweeping allegations of infringement.  Palmer Kane LLC v. Scholastic Corp., 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (citation omitted).

Plaintiffs' allegations against JIL are sufficiently specific at this stage.  The Complaint alleges that, between June 7, 2011 and September 4, 2013, copies of WGI and IOD were "regularly downloaded from Plaintiffs' website using several different . . . computers using Mr. Reid's user ID and password. These computers accessed Plaintiffs' website from [IP] addresses registered to Jefferies International." "Several different computers . . . would often download multiple copies of the same publication at close to the same time."  Plaintiffs plead, upon information and belief, that this activity is the result of "multiple employees of [JIL] other than Mr. Reid . . . using Mr. Reid's unique user ID and password." (Compl. ¶¶ 54-56.)

By providing a start and end date to the period of alleged infringement, Plaintiffs have stated "enough factual allegations to provide notice of the period of time during which infringement occurred." LivePerson, Inc. v. 24/7 Customer, Inc., 2015 WL 249329, at *3-4 (S.D.N.Y. Jan. 16, 2015).  Plaintiffs have also plausibly alleged that unauthorized downloading, and thus, infringement, occurred during that period.  That the downloading pattern ceased after Plaintiffs sent Jefferies a letter increases the plausibility of the claim.  (Compl. ¶ 58.)  The possibility of an innocent explanation, e.g., Reid downloading copies of the same publication to several computers or devices on a regular basis, does not detract from the plausibility of the allegations.  To require more at this stage is to require evidentiary detail.

10

## B. Direct Infringement of the WGI and IOD Copyrights by Jefferies

Plaintiffs' allegations against Jefferies are likewise sufficient.[2] Plaintiffs allege that, from December 2012 to August 2013, users "frequently" accessed JIL's WGI and IOD subscriptions from three US-based IP addresses registered to Jefferies on the same day Reid's user ID and password were used at JIL's London office. (Compl. ¶¶ 63-65.) Plaintiffs contend that this usage pattern is indicative of unauthorized activity as Jefferies never had any subscriptions to WGI and IOD and there is no authorized alternative explanation that could account for activity occurring in two continents on the same day. (Opp'n at 12-13.)

Defendants propose that Reid may have traveled to the US and accessed the site on both sides of the Atlantic on the same day or that Reid's executive assistant may have accessed the site on Reid's behalf while Reid was in the US.[3] However, the mere possibility that Reid "frequently" traveled to the US and was responsible for every download that occurred there does not diminish the plausibility of the allegations. For the same reasons Plaintiffs sufficiently stated a claim against JIL, Plaintiffs have plausibly alleged infringing activity by employees of Jefferies.

## C. Contributory Infringement of the WGI and IOD Copyrights by JIL

Plaintiffs allege that JIL "with knowledge, induced, caused, or materially contributed" to Jefferies' infringement of the WGI and IOD Copyrights by sharing Reid's username and password with employees of Jefferies in New York. (Compl. ¶¶ 25, 26, 119, 126.) "Although

---

[2] The claim against Jefferies concerns the same list of WGI and IOD copyrighted works as the claim against JIL. (Compl. ¶¶ 32, 33, 102, 105, 112, 115.) For the reasons stated *supra*, Plaintiffs have adequately pleaded which copyrighted works are the subject of the claim against Jefferies.

[3] Plaintiffs maintain that the subscription agreement does not provide for Reid's assistant to access the site and that doing so would constitute infringement. (Tr. 30:14-21.)

11

'[t]he Copyright Act does not expressly render anyone liable for infringement committed by another,' . . . secondary liability emerged from common law principles and [is] well established in the law." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005) (citation and internal quotation marks omitted). A defendant may be held liable for contributory copyright infringement if, "with knowledge of the infringing activity," the defendant "materially contributes to the infringing conduct of another." Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011) (quoting Matthew Bender & Co., Inc. v. West Pub. Co., 158 F.3d 693, 706 (2d Cir.1998)).

A defendant has "materially contributed" if she has encouraged or assisted another's infringement. See Faulkner v. Nat'l Geographic Soc'y, 211 F. Supp. 2d 450, 473–74 (S.D.N.Y. 2002), aff'd, 409 F.3d 26 (2d Cir. 2005). "The . . . assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer." Id. (citation and internal quotation marks omitted). This Court has already found that Plaintiffs plausibly alleged unauthorized users at Jefferies accessed Plaintiffs' website using Reid's username and password. Consequently, it is plausible that JIL, through Reid or another, provided Reid's username and password to employees of Jefferies. This alleged assistance enabled Jefferies to infringe Plaintiffs copyright and thus constitutes "material contribution."

The allegations against JIL also satisfy the "knowledge" prong of contributory infringement. "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who 'know *or have reason to know*' of the direct infringement." Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010) (emphasis in original) (citation omitted). Willful blindness to infringement suffices. Id. (citing In re: Aimster Copyright Litigation, 334 F.3d 643, 650 (7th Cir. 2003)). Accepting Plaintiffs' factual allegations as true,

12

JIL either knew or reasonably should have known that sharing Reid's user ID and password with employees of Jefferies would result in unauthorized access and thus, infringement. See 6 Patry on Copyright § 21:47 (2014) ("If a defendant has knowingly provided the very means by which infringement occurs, the knowledge of the direct infringement will be difficult to deny").

Plaintiffs sufficiently allege that JIL, with knowledge, materially contributed to Jefferies' infringement of the WGI and IOD copyrights. The motion to dismiss is denied as to the contributory infringement claim against Defendant JIL.

### D. Direct Infringement of the OD Copyrights by Jefferies

Separate from the claims regarding WGI and IOD, Plaintiffs allege that Jefferies directly infringed the OD newsletter. (Compl. ¶¶ 80-97, 20.) Plaintiffs base this claim solely on the following events: On May 19, 2012, EIG administrators made a sales call to Jefferies' Houston Office. (Id. ¶¶ 80-81.) At that time, Jefferies had five subscriptions to OD. (Id. ¶ 81.) During the meeting, Jefferies indicated a need for at least twenty-five subscriptions to OD for employees in the investment banking division. (Id. ¶ 82.) After the meeting, instead of increasing subscriptions, Jefferies decreased its subscriptions from five to three. (Id. ¶ 84.)

The remainder of Plaintiffs' allegations concerning Jefferies' infringement of the OD newsletter are reiterations of their allegations regarding WGI and IOD. Plaintiffs "became aware" of password sharing at JIL with regard to WGI and IOD and notified Jefferies that they were aware of the alleged infringement of the WGI and IOD newsletters. (Id. ¶ 85.) Jefferies told Plaintiffs that they would investigate whether their employees were infringing WGI and IOD but never followed up with the results of their investigation. (Id. ¶¶ 87-88.) Based on the above, Plaintiffs plead upon information and belief that "since at least as early as July 1, 2007," Jefferies has been "copy[ing], distribut[ing], and/or forward[ing]" the OD newsletter "to

13

unauthorized recipients while at the same time decreasing the number of subscriptions to OD to reduce its costs." (Id. ¶¶ 90-91.)

A complaint does not suffice "if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal 556 U.S. at 678 (alteration in original) (citations and internal quotation marks omitted). As outlined above, Plaintiffs must allege "by what acts . . . the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36, n.3 (S.D.N.Y.1992). Unlike the claims regarding the WGI and IOD newsletters, Plaintiffs plead no instances of copying, access, or distribution to support the conclusory assertion that Jefferies has been infringing the OD copyright for the past seven years. The only factual allegation regarding Jefferies' use of the OD newsletter is that Jefferies reduced their subscriptions from twenty, to five, to three, over a six-year period. (Compl. ¶¶ 83-84.) It is a significant leap from there to the claim that Jefferies had been regularly copying and distributing the OD newsletter to unauthorized users since 2007. Unlike the allegations concerning the WGI and IOD newsletters, the obvious "alternative explanations" for Jefferies' decision to scale back their subscriptions "render [Plaintiffs'] inference unreasonable." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011). Woe unto the dissatisfied customer who cancels her subscriptions and receives a complaint for copyright infringement.

The remaining allegations concern the alleged infringement of WGI and IOD in 2012 and 2013. (Compl. ¶¶ 84–85.) The only connection to the OD claim appears to be that the alleged infringements were committed by the same company. These allegations are conclusory and provide no factual support to the bald assertion that Jefferies regularly infringed the OD copyright since 2007.

Plaintiffs' claim that Jefferies infringed the OD newsletter is baseless and plainly fails to plead "by what acts" Jefferies infringed Plaintiffs' copyright. <u>See, e.g.</u> <u>Cole v. John Wiley & Sons, Inc.</u>, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) (granting motion to dismiss because conclusory allegations insufficient to define "by what acts" defendants infringed copyright). Defendants' motion to dismiss the claim against Jefferies for infringement of the OD copyright is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for failure to state a claim is DENIED with respect to Plaintiffs' claims of direct and contributory infringement against JIL for infringement of the WGI and IOD copyrighted works; DENIED as to Plaintiffs' claims of direct infringement against Jefferies for infringement of the WGI and IOD copyrighted works; and GRANTED with respect to the claim against Jefferies for infringement of the OD newsletter. The OD claim is DISMISSED without prejudice pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Counsel shall appear for a conference on April 15, 2015 at 9:00 AM.


SO ORDERED.

Dated: New York, New York
March 31, 2015

*Loretta A. Preska*

Loretta A. Preska

Chief U.S.D.J.

15

**Copies of this opinion and order were sent to:**

**Robert L. Powley**
Powley & Gibson, P.C.
304 Hudson Streete
2nd Floor
New York, NY 10013
(212) 226-5054
Fax: (212) 226-5085
Email: rlpowley@powleygibson.com

**James Martin Gibson**
Powley & Gibson, P.C.
304 Hudson Streete
2nd Floor
New York, NY 10013
(212)226-5054
Fax: (212)226-5085
Email: jmgibson@powleygibson.com

**Stephen Matthew Ankrom**
Powley & Gibson, PC
304 Hudson Street
New York, NY 10013
(212)-226-5054
Fax: (212)-226-5085
Email: smankrom@powleygibson.com

**Daniel N. Guisbond**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212)-294-9159
Fax: (212)-294-4700
Email: dguisbond@winston.com

**Michael S. Elkin**
Winston & Strawn LLP (NY)
200 Park Avenue
New York, NY 10166
(212)-294-6729
Fax: (212)-294-4700
Email: melkin@winston.com

**Thomas Patrick Lane**
Winston & Strawn LLP (NY)
200 Park Avenue
New York, NY 10166
(212)-294-6700
Fax: (212)294-4700
Email: tlane@winston.com